SUCCESSORS OF ANDREU & CO., LIMITED, APPELLANTS, *v.*
REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Germán refusing to admit to record a deed of sale.

No. 176.—Decided May 7, 1914.

POWER OF ATTORNEY—CONSTRUCTION.—A power of attorney should be construed strictly, giving to the language thereof the meaning which would be understood by a person of ordinary intelligence.

ID.—CONSTRUCTION—POWER TO EXECUTE REAL CONTRACTS—POWER TO ALIENATE REAL PROPERTY.—The power of attorney which is the object of this appeal confers authority on the attorney in fact to execute ''every class of acts and contracts, quasi-contracts, private contracts, entire, aleatory, innominate, real, consensual, civil and mercantile, executing them, modifying them, extinguishing them, canceling them, having regard to every kind of personal property, real property, etc.,'' and to make all necessary public deeds. *Held:* That the phrase authorizing the making of real contracts, construed in the sense in which it would be understood by a person without a special knowledge of law, is not equivalent to an express power to alienate real property.

ID.—CONSTRUCTION—PUBLIC INSTRUMENT—AFFIDAVIT—RATIFICATION OF SALE.—The public instrument referred to in section 1247 of the Civil Code as amended by Act No. 65 of March 7, 1912, in relation to article 3 of the Mortgage Law, is a public deed, and an affidavit is not such a public instrument for the purposes of ratifying a deed of sale of real property made by an attorney in fact without sufficient authority therefor and whose admission to record in the registry had been denied on that account.

The facts are stated in the opinion.
*Mr. Benito Forés* for the appellants.
Mr. Rafael B. Sama, the registrar, appeared *pro se.*
MR. JUSTICE WOLF delivered the opinion of the court.
María Jesús Martell y Rivera executed a power of attor-

ney to her husband wherein he was given power, among other things, to execute "every class of act and contract, quasi contracts, entire, aleatory, innominate, real, consensual, civil and mercantile, executing them, modifying them, extinguishing them, canceling them, having regard ·to every kind of personal property, real property, etc.," and giving her husband power to make the necessary public deeds. There were no other or more specific words in the power of attorney by which the husband was given authority to alienate or sell real estate. As a power of attorney must be strictly construed and as section 1615 of the Civil Code provides that "In order to comprise, alienate, mortgage, or to execute any other act of strict ownership an express commission is required," we think the words of the power of attorney were not sufficient to constitute an express commission. The words of the power of attorney must be construed as they would be understood by a person of ordinary experience making it and no one without a special legal experience would understand the power to make a real contract as giving a power of sale. The words are not an express commission to sell, but are the general words against which the statute seeks to protect the grantor requiring express words. When a deed of sale was presented to the registrar he properly held that the power of attorney was not sufficient.

Apparently the parties did not consider the power sufficient for they accompanied the deed with the following affidavit:

"I, María Jesús Martell y Rivera, forty-eight years of age, married, housewife and resident of Maricao, hereby declare under oath: That in conferring power of attorney upon my lawful husband, Ambrosio Martínez e Yrizarry, according to an instrument executed in this town before Notary Guillermo H. Moscoso y Rodríguez of Mayagüez on June 27, 1913, I stated to the said notary that it was ·my express intention that the powers so conferred should be sufficient to allow the attorney in fact to execute all kinds of deeds including deeds of sale, deeds of purchase and others, not only affecting my private property, but also property acquired during the wedlock; that

the notary drew up the power of attorney and it was read to me, and I believe that he understood my said intention from his statement that it authorized the execution of real contracts, for which reason I solemnly swear that the attorney in fact has the power to make all kinds of sales of all kinds of real property at such prices and under such conditions as he may think proper; therefore, it being necessary, I ratify and approve in all its parts the sale which my said husband made of five *cuerdas* of land in *barrio* Bucarabones, at the place called Guaba, of this municipal district, to the Successors of Andreu & Co., Limited, for $500, which has been received.''

The registrar refused to record the deed presented giving as his reason that the power of attorney gave no express authority to alienate and that the affidavit under the law was insufficient to supply the defect.

Section 1247 of the Civil Code as amended by Law No. 65 of March 7, 1912, provides among other things as follows:

''Section 1247.—The following must appear in a public instrument:

*        *        *        *        *  ·        *        *

''5. The general power of attorney to institute lawsuits and the special powers of attorney to be presented in suits; the power of attorney to administer property and any other power of attorney, the object of which is an act drafted or which is to be drafted in a public instrument, or which may prejudice a third person.''

The public instrument of which the law speaks does not include an affidavit. Article 3 of the Mortgage Law requires that to record a title to real estate the act transferring the dominion should be in a public deed or other judicial or governmental public document, and no where in the law enacted since is an affidavit included. Galindo and Escosura in their commentaries on article 3 of the Mortgage Law, volume 1, p. 473, *et seq.,* give it as their opinion that the public instrument (*documento público*) alluded to in section 1280 of the Spanish Civil Code (corresponding to section 1247, *supra,* of our

own) is a public deed (*escritura pública*). And to the same effect is their discussion in volume 1, p. 462 of the 4th edition of the Commentaries on Mortgage Legislation. And on page 117 of the second volume of the same work they make a similar comment.

It is true that section 45 of the Law of Evidence says that public documents are such as are specified in section 1184 of the Civil Code and that section defines public instruments as those authenticated by a notary, but under the Mortgage Law a public document does not include an affidavit because that instrument has since been created and was not specifically included as a means of conveying property. Moreover, an affidavit is defined in section 124 of the law as an oath without notice to the adverse party. By section 123 an affidavit is shown to be a mode of taking the testimony of witnesses and section 128 provides as follows:

"An affidavit may be used to verify a pleading or a paper in a special proceeding, to prove the service of a summons, notice, or other paper in an action or special proceeding, to obtain a provisional remedy, the examination of a witness, or a stay of proceedings, or upon a motion, and in any other case expressly permitted by some other provision of this, or any law of Porto Rico."

Thus it will be seen that an affidavit is primarily for court purposes and that it may be used for other purposes when expressly permitted by law. There is no express provision of law allowing an affidavit to be used as a means of transferring property and the note of the registrar must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.